**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| FABIAN DEAN RUSSELL,<br>Petitioner,<br>v.<br>WARDEN OF THE CALIFORNIA CITY IMMIGRATION PROCESSING CENTER, et al.,<br>Respondents. | No. 1:26-cv-01231 JLT EPG (HC)<br>A-Number: 076-492-153<br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING RESPONDENTS TO PROVIDE PETITIONER WITH BOND HEARING, AND DIRECTING CLERK OF COURT TO CLOSE CASE<br>(Docs. 1, 24) |

Petitioner is an immigration detainee currently in the custody of Respondents at the California City Immigration Processing Center. He initiated this action *pro se* by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) but has since been appointed counsel. (Doc. 12.) Petitioner has a criminal history, including a 2023 conviction for assault with a deadly weapon, that renders him subject to detention pursuant to 8 U.S.C. § 1226(c).[1] Upon completion of his sentence for that conviction, he was taken into ICE custody on January 16, 2025, more than 19 months ago, and has remained there ever since. Pursuant to § 1226(c), he is

[1] As the magistrate judge correctly points out, (Doc. 24 at 2), Petitioner's appeal to the BIA from his final order of removal remains pending, so the removal order is not administratively final and thus he is not yet detained pursuant to 8 U.S.C. § 1231. *See* 8 U.S.C. § 1231(a)(1)(B)(i). As a result, his claims regarding prolonged post-removal detention, (*see* Doc. 1 at 2), are inapplicable.

not statutorily eligible for a bond hearing. He contends in this action that his detention has become so prolonged that he is entitled to a bond hearing. (Doc. 23.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 27, 2026, the magistrate judge issued findings and recommendations recommending that the petition for writ of habeas corpus be granted and Respondents be directed to provide Petitioner with a bond hearing. (Doc. 24.) The Court served the findings and recommendations on the parties and notified them that any objections were due in 14 days. (*Id.*) On June 4, 2026, Respondents filed timely objections. (Doc. 25.)

According to 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including Respondents' objections, the Court concludes the findings and recommendations are supported by the record and proper analysis.

Accordingly, the Court **ORDERS**:

1. The findings and recommendations issued on May 27, 2026 (Doc. 24) are **ADOPTED IN FULL**.
2. The petition for writ of habeas corpus is **GRANTED** on the second claim for relief.
3. Within **21 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents are ordered to provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), where "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond," *id.* at 1203. In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).
4. Prior to the bond hearing, the Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and both **SHALL** be entitled to appear at the hearing.
5. Respondents **SHALL** provide a copy of this order to the Immigration Judge and

**SHALL** arrange for the bond hearing to be recorded.

6. The Clerk of Court is directed to **CLOSE THE CASE**.

IT IS SO ORDERED.

Dated: _September 3, 2026_

UNITED STATES DISTRICT JUDGE